## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:23-CR-00074-MTS-1 |
| | ) | |
| EDNA E. MCGOWAN-BAKER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendant Edna E. McGowan-Baker's Motion to Modify/Stipulate Restitution, Doc. [78]. For the reasons set forth below, this Court will deny Defendant's Motion.

### I. FACTUAL BACKGROUND

On March 7. 2024, Defendant pleaded guilty to Count II, wire fraud pursuant to 18 U.S.C. § 1343, and Counts V through VI, bank fraud pursuant to 18 U.S.C. § 1344. Doc. [49] at 2-3. On August 1, 2024, Defendant was sentenced to a 41-month prison sentence, to be followed by supervised release for a term of five years. Doc. [74] at 3. Defendant was also ordered to pay $149,194.39 in restitution. *Id.* at 3. On November 18, 2024, Defendant filed a pro se Motion to Modify/Stipulate Restitution. Doc [78].

### II. DISCUSSION

The Mandatory Victims Restitution Act requires restitution when a defendant is convicted of a crime of violence, an offense against property, an offense relating to tampering with consumer products, an offense relating to the theft of medical products, or where there is an identifiable victim who suffered either a physical injury or pecuniary loss. *See* 18 U.S.C. § 3663A(c)(1). The restitution amount is based on the victim's losses and "without consideration of the economic

circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A); *see also United States v. Miller*, 419 F.3d 791, 794 (8th Cir. 2005). After the initial restitution order has become final, the district court is authorized by § 3664(k) to adjust the payment schedule "as the interests of justice require." *United States v. Vanhorn*, 399 F.3d 884, 886 (8th Cir. 2005) (per curiam).

A restitution order can be amended if a material change occurs in the defendant's economic circumstances such that an adjustment of the payment schedule would be appropriate under 18 U.S.C. § 3664(k). Under 18 U.S.C. § 3664(k), "[a] material change in a defendant's economic circumstances is identified by an objective comparison of a defendant's financial condition before and after a sentence is imposed." *United States v. Day,* No. 4:06-cr-767-CAS, 2009 WL 2948462 at *3 (E.D. Mo. Sept. 14, 2009) (quoting *United States v. Dye*, 48 F. App'x. 218, 220 (E.D. Mo. 2002) (unpublished per curiam)).

Defendant asserts in her Motion that she is suffering financial hardship and that her family is suffering financial hardship. Doc. [78] at 1. Defendant claims that her placement at FPC Alderson makes her unable to pay more than "$25.00 monthly or $25.00 quarterly, whichever the court find [sic] to be reasonable" because UNICOR employment is not offered at FPC Alderson, and her food service employment only provides $5.25 per month *Id.* at 1-2.

Defendant's Motion does not demonstrate how her financial situation has changed in any material way since the restitution payment schedule was established at sentencing.  Defendant simply asserts the inability to pay and offers no basis for the "objective comparison of… [D]efendant's financial condition before and after [the] sentence [was] imposed." *Day,* WL 2948462 at *3. These bare assertions do not entitle Defendant to the relief she seeks. *See United States v. Forland*, 4:21-cr-00603-RLW, 2023 WL 11052574, at *6 (E.D. Mo. July 24, 2023) ("The Court finds that Defendant fails to meet her burden to prove there has been a material change in

her economic circumstances since the time of sentencing that might affect her ability to pay restitution.").

Accordingly,

**IT IS HEREBY ORDERED** that Defendant McGowan-Baker's Motion to Modify/Stipulate Restitution, Doc. [78], is **DENIED** without prejudice.

Dated this 21st day of April, 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE